IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARGUERITTA M. JANOTA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-06-1000-T |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. | |

ORDER

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for review of the decision of the Commissioner of the Social Security Administration denying plaintiff's applications for disability benefits. The matter was referred to United States Magistrate Judge Gary M Purcell for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B). The Commissioner filed a motion to dismiss the action for lack of subject matter jurisdiction, and plaintiff responded. On April 9, 2007 Judge Purcell filed a Report and Recommendation [Doc. No. 22] in which he recommended that the court grant the motion to dismiss. Because plaintiff timely objected to that recommendation, the matter is reviewed *de novo*.

Plaintiff contends that her due process rights have been violated because she was not permitted to pursue an administrative review of the Commissioner's initial decision denying her application for disability benefits. More specifically, her request for a hearing *de novo* before an Administrative Law Judge ("ALJ") was denied because she filed her request approximately one month after the deadline for doing so. She contends that her failure to timely pursue her

administrative remedies was caused by her lack of mental capacity, as she was not represented by counsel at the relevant time. As a result, plaintiff argues, her failure should be excused and this matter should be remanded for a hearing on her disability claim.

The record reflects that plaintiff received denials of her initial applications for disability benefits on April 27, 2005 and on reconsideration on November 2, 2005. At the time, she was not represented by counsel. In the notice of reconsideration, plaintiff was advised of her right to request a hearing before an administrative law judge and was specifically advised of the deadline for making that request; the notice also provided instructions regarding the procedures for obtaining the form to request a hearing.

Plaintiff concedes that she did not file a request within that time period and did not file the request for hearing until February 15, 2006, approximately one month after the deadline. Because her request was not timely filed, the ALJ issued an order in which she advised plaintiff that her request was being dismissed as untimely. In that order, the ALJ discussed plaintiff's stated reasons for the delay, noting that plaintiff had reported that she telephoned the agency via the toll-free number provided to her; plaintiff said that she asked that the agency mail to her the necessary form to file her request for a hearing. According to plaintiff, she did not receive the form and then obtained it from the local Social Security office. However, the ALJ added that plaintiff expressly said she did not telephone the agency to request the form until the first week in February of 2006; at that time, her deadline for requesting a hearing had already expired. Therefore, the ALJ concluded that plaintiff had failed to timely pursue her remedies and that she had not shown good cause for her failure; plaintiff's request for a hearing was dismissed as untimely.

Accompanying that ruling was information advising plaintiff of her right to appeal the ALJ's decision to the Appeals Council. Plaintiff timely appealed that decision, and her appeal was denied. In that denial, the Appeals Council again noted that the record showed that plaintiff had failed to timely seek review by the ALJ of the denial of her applications. The Appeals Council also expressly noted that she admitted that she did not telephone the agency to obtain the necessary forms until after the deadline for filing had passed. The Appeals Council also advised plaintiff that it was unable to locate a record of her telephone call.

Plaintiff then filed this action, seeking this court's determination that her failure to timely pursue her administrative remedies should be excused because she lacks the mental capacity to timely pursue her claim without assistance. The Commissioner moved to dismiss the action on the grounds that this court's jurisdiction to review a Social Security decision requires a "final decision of the Commissioner of Social Security made after a hearing." 42 U. S. C. § 405(g). In this case, the Commissioner argues, there was no hearing and, therefore, the court lacks jurisdiction to review this matter. Plaintiff contends that an exception exists because she has asserted a colorable constitutional claim to excuse her failure to exhaust the required administrative remedies.

As Judge Purcell correctly noted in the Report and Recommendation, the Supreme Court has held that the Social Security Act "limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 108 (1977), *quoting* 42 U. S. C. § 405(g). However, the Court also noted that the statutory limitation on judicial review has been avoided in "rare instances" where the claimant challenges the Commissioner's decision on constitutional grounds. *Id.* at 108-09. Courts considering the issue

3

following <u>Sanders</u> have held that, where a disability claimant fails to exhaust administrative remedies, a due process claim may be sufficient to confer jurisdiction upon the federal court if the claimant presents a "colorable argument" that her failure was based on her mental condition. <u>Parker v. Califano</u>, 644 F.2d 1199, 1203 (6th Cir. 1981). Although the Tenth Circuit has apparently not addressed this specific issue, it appears that it would follow the other circuits in their application of <u>Sanders.</u>

In this case, plaintiff asserts an argument based on the ruling in <u>Sanders</u> and its progeny, arguing that she failed to exhaust her administrative remedies because she lacked the mental capacity to do so and that she was not represented by counsel at the time. However, as Judge Purcell pointed out in the Report and Recommendation, the record reflects that she did not at any time prior to filing this lawsuit mention her mental limitations as a justification for the untimely filing of her request for a hearing before the ALJ. In fact, she specifically told Social Security officials that she telephoned the agency to obtain the necessary form and, when they were not received, went to the Social Security office to complete the form. She specifically referenced the date of that telephone call, which was made after the deadline had expired. Plaintiff did not mention any limitations on her understanding of the need to complete the form or make any reference whatsoever to her mental capacity as the cause for her untimely filing.

Notwithstanding that omission, plaintiff now argues through her counsel that her diminished mental capacity was the cause and that new evidence supports that contention. The new evidence submitted, however, consists of medical and psychiatric records which predate the time period at issue. As the magistrate judge noted, the record reflects that, at the time plaintiff sought review of

the ALJ's May 5, 2006 decision, plaintiff was represented by counsel. The medical records she now submits could have been brought to the Appeals Council's attention at that time. However, there is no suggestion that they were submitted in connection with the appeal. As plaintiff notes, the records submitted to this court show that plaintiff had been treated by a psychiatrist. However, the records reflect that, during the time period prior to the deadline for requesting a hearing before an ALJ, plaintiff's psychiatrist found her to be coherent, to have intact memory and thought processes, and to have normal and coherent speech. *See* discussion at pages 10-11 of the Report and Recommendation and references to the record contained therein.

The magistrate judge concluded that the record before the court shows that plaintiff has not demonstrated that her mental impairments caused her to fail to pursue the administrative remedies which must be exhausted in order to confer jurisdiction on this court to review her claim. In her objection to the Report and Recommendation, plaintiff expressly states that she offers no new argument on these issues and adopts the argument and authorities in her response to the motion to dismiss. Plaintiff argues, however, that the magistrate judge ignored the other medical evidence she has submitted by failing to discuss the fact that she was severely injured in an automobile accident which resulted in the death of a family member. While the records reflect these occurrences, plaintiff does not offer a persuasive argument that these occurrences exacerbated her mental condition to the point that she lacked the mental capacity to pursue her administrative remedies. Furthermore, as discussed herein, there is no evidence that either mental or physical limitations were previously offered as an excuse for her failure to timely pursue her administrative remedies.

Accordingly, the court concludes that the magistrate judge was correct in his determination

that this court lacks jurisdiction to consider plaintiff's claim.  Having fully considered plaintiff's arguments, the court agrees with the findings and conclusions in the Report and Recommendation [Doc. No. 22] and adopts same as though fully set forth herein.  The Commissioner's motion to dismiss is GRANTED, and this action is dismissed with prejudice.

    IT IS SO ORDERED this 23rd day of May, 2007.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE